UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EMMANUAL DHAKER, | Case No. 1:24-cv-1556 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Reuben J. Sheperd |
| GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY POLICE, | |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff Emmanual Dhaker, proceeding without counsel, claims to be a "constitutional lawyer" and brings this action against the Greater Cleveland Regional Transit Authority Police. Plaintiff requests that the Court order the Authority's police officers to "cease, stop, and decease any contact" with him. (ECF No.1, PageID #4.) He also seeks $125,000 in damages. Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2). The Court **GRANTS** that application.

BACKGROUND

Plaintiff's complaint concerns his interactions with the GCRTA police officers in September 2024. Mr. Dhaker states that, on September 4, 2024, officers approached him at the Southgate International Transit Transient Transportation Depot and advised him that the Authority had a warrant for his arrest due to an unanswered citation issued previously. Mr. Dhaker told the officers that he "answered the charge" by filing an action in the Northern District of Ohio "because of

the constitutional question of the [GCRTA] police refusing to use my real name on the citation." (ECF No.1, PageID # 3.) According to Plaintiff, the officers advised him that he must still appear in municipal court to address the citation, and the officers issued him another citation. Plaintiff claims the officers "refused to use my real name on the citation." (*Id.*, PageID #4.)

In a document filed in support of the complaint (ECF No.3), Plaintiff states that, on September 19, 2024, at 4:30 a.m., GCRTA officers issued him a citation for trespassing at the Southgate International Transit Transient Transportation Depot. He states that he owns the property, and he claims that the officers are using his father's name on the citations, not his real name, because if they use his real name, "this will prove [I] am the owner" of the Southgate International Transit Transient Transportation Depot. (*Id.*, PageID #39–40.) Plaintiff explains that the Bedford Heights Police Department gave him the title and deed to the property. Also, Plaintiff provides a purported example of the GCRTA officers showing an "overt miscarriage of justice" when they threatened to blow the [U.S. federal investigators'] heads off if [the federal investigators] did not leave the depot." (*Id.*, PageID #40.)

## GOVERNING LEGAL STANDARD

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Under 28 U.S.C. § 1915(e), however, the district court must dismiss an *in forma pauperis* action if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898

2

F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis where the allegations are "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A cause of action fails to state a claim upon which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

ANALYSIS

Plaintiff does not identify any federal civil claims on which this case could proceed, and none is apparent on the face of the complaint. The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds on which it rests. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted).

Additionally, the Court has discretion to refuse to accept without question the truth of a plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton*, 504 at 32–33. Such is the case here. Plaintiff's complaint fails to meet even the most liberal reading of the Rule 8 pleading standard. His complaint fails to contain even a suggestion of any viable federal civil claims he intends to assert—let alone any on which he could make a showing of liability. And his factual allegations are at times wholly incredible and irrational.

Therefore, Plaintiff fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

To the extent the Court can liberally construe Plaintiff's complaint as a challenge to the citations issued by the GCRTA police officers, and the cases concerning these citations remain pending, the Court will not interfere with those State court proceedings. A federal court must abstain from interfering with pending State court proceedings involving important State interests absent extraordinary circumstances not present here. *See Younger v. Harris*, 401 U.S. 37, 44–45 (1971). Abstention is appropriate where: (1) State proceedings are ongoing, (2) the State proceedings implicate important State interests, and (3) the State proceedings afford Plaintiff an adequate opportunity to raise federal questions. *Leveye v. Metropolitan Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43–45).

If Plaintiff's municipal court cases remain pending, all three factors supporting abstention are present here. The criminal case that is purportedly the subject of Plaintiff's complaint implicates important State interests. *See Younger*, 401 U.S. at 43–45 (explaining that State criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere). And there are no suggestions in the complaint that the available State court proceedings do not afford Plaintiff an adequate opportunity to challenge the citations or raise federal claims. Therefore, to the extent that State court proceedings concerning the citations issued by the GCRTA remain pending, the Court will not interfere with them.

And to the extent the State court proceedings against Plaintiff have concluded, this complaint essentially constitutes an appeal from them. In that case, the Court lacks subject matter jurisdiction over this action. *See Distric of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quotations omitted), *amended on other grounds*, 243 F.3d 234 (6th Cir. 2001). Federal appellate review of State court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415–16. Therefore, to the extent the State court proceedings concerning the citations issued by the GCRTA have concluded and Plaintiff seeks to vacate or challenge a State court's order, the Court lacks jurisdiction over this matter.

For these reasons, the Court **DISMISSES** Plaintiff's complaint (ECF No.1). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: November 22, 2024

                                                  */s/ J. Philip Calabrese*
                                                  J. Philip Calabrese
                                                  United States District Judge
                                                  Northern District of Ohio